REDMANN, Judge.
Plaintiff alleged two oral contracts, one for $9,300 for tree work and other work and a later one on which he claimed $3,651.25, based on “time and materials plus 10%” for yet other land-clearing work. By supplemental petition, plaintiff alternatively sought $13,025 as the value of his services.
Defendant testified that she first employed plaintiff for $7.00 an hour plus materials for a variety of land-clearing work and then, when he declined tree work at that rate on a claim of expertise, she employed him (a witness corroborated) to do all her tree work for $500 which she paid when he completed that work in four days. Defendant conceded she owed a balance of $1,279.12 for the other work, having paid $1,000.
That the trial judge believed neither party’s version as to a fixed price contract is evident from his $6,000 judgment. That amount was too small to include plaintiff’s *866 fixed price but too large to be the sum of defendant’s fixed price plus plaintiff’s other claim for $3,651.25.
The case is extremely difficult to evaluate because plaintiff presented, in support of his claim for the value of the work, only the testimony of a horticulturist who saw the trees (through or over an eight-foot-high or higher ligustrum privacy screen) three years after the work was done and from a distance of 50 to 10.0 yards (or more) away without (as far as shown) telescopic lenses. That witness testified that that tree work was worth $285 to $300 a tree in 1974 and thus the tree work was worth $7,500. (Defendant was apparently unconcerned over fixing a value of the work, and presented no evidence. Perhaps the trial judge reached his $6,000 figure by accepting $7,500 as the only proven value, and deducting the $1,500 defendant had paid.)
We conclude that this witness’s testimony is incompetent to fix the value of the work done. Unable to know in detail, under the circumstances of his inspection, the work that was done to the individual trees, he was also unable to place a fair value upon that work. As distasteful as we find defendant’s unconcern, we cannot accept defendant’s unconcern in place of the proof which it is plaintiff’s burden to supply.
Plaintiff’s $3,651.25 claim for “time and materials plus 10%” is similarly unproven (except that defendant concedes $610.62 for materials). Plaintiff’s claim includes such items as market value rentals on his own tools and equipment as a material charge, which it is not, and charges of $25 a load for his own hauling of trash, which is not a proper time-and-material contract charge.
Defendant testified that, although she personally was away from her home each day at work, she caused an employee who lived there to note the hours worked each day, and each day on returning home defendant would write into a notebook a record of the hours plaintiff had worked that day. The employee charged with noting the hours also testified that he reported the hours to defendant each day that plaintiff worked. Had the trial judge believed this testimony he might have admitted into evidence the notes thus established as regular entries in the course of the business between the parties (see Wigmore, Evidence, 3d ed., § 1517 ff.). On credibility, however, as between defendant’s employee and plaintiff we must assume from the amount of the award that the trial judge did not believe that the employee had correctly observed all the time that plaintiff worked. We are unable to reverse a trier of fact’s determination of credibility; Canter v. Koehring Co., La.1973, 283 So.2d 716.
Accepting, then, plaintiff’s testimony that he worked six days each week (and even one Sunday) from June 2 [defendant’s excluded notebook says May 30] to August 5, 1974, save three days when he went to Florida (and four days defendant says he worked on the trees), we calculate 45 working days of eight hours each at $7.00 an hour (the wage both parties agree was his wage when working for wages), we approximate plaintiff’s wage claim at $2,520 (in addition to the $500 defendant paid for, she says, tree work). We do not give him the extra 10% of his wages he claims for “time and materials plus 10%” because such a wage is contrary to our experience and common sense: one hires for a wage, not for a wage plus 10%. To that $2,520 we add $671.68 materials plus 10% (defendant’s concession of $610.62 plus 10%) and $1,344 for helpers’ wages, at $3.50 an hour for 48 days of eight hours. Defendant was aware plaintiff was employing some help yet apparently let plaintiff fix the wage being paid. Defendant denies the principal helper’s testimony that, except for rainy days, he worked six days a week and some Sundays, but presumably the trial judge believed that testimony. We do not deduct for the rainy days that the helper did not work because there is evidence that other helpers were hired for a day or two.
We conclude that the highest award the record will support is the total of $4,535.68 less the $1,000 paid (besides the $500 “for the tree work”).
*867 The judgment appealed from is amended in principal amount to $3,535.68, with costs to be divided equally, and it is otherwise affirmed.